Entered on the Docket
DONALD M. CINNAMOND
By _____

FILED

2002 MAY 31 A 11:07

CLERK U.S. DISTRICT COURT
PORTLAND, OREGON

BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,             )
                                      )
                    Plaintiff,        )   Criminal No.  Cr 98-165-KI
                                      )   (Civil No. 01-925-KI)
         v.                           )
                                      )   OPINION AND ORDER
CHARLES DEANGELO JENKINS,             )
                                      )
                    Defendant.        )
_____)

Michael W. Mosman
United States Attorney
Billy J. Williams
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon  97204-2024

    Attorney for the United States

Charles D. Jenkins
#62674-65
United States Penitentiary
3901 Klein Blvd.
Lompoc, California  93436

    Pro Se Petitioner

PAGE 1 - OPINION AND ORDER

KING, Judge:

Before the court is the motion, under 28 U.S.C. § 2255, to vacate, set aside, or correct sentence (#77) by defendant Charles DeAngelo Jenkins. For the reasons set forth below, I deny the motion.

## PROCEDURAL BACKGROUND

Defendant was indicted on April 14, 1998 for one count of violating 18 U.S.C. § 922(g) (felon in possession of a firearm). Following a jury trial, a verdict of guilty was returned on July 30, 1998. A presentence report ("PSR") was ordered and prepared.

The sentencing hearing was held on January 11, 1999. Based on an adjusted offense level of 22 and a criminal history category of V, the court imposed a sentence of 86 months, followed by a three-year term of supervised release. The judgment was entered on January 14, 1999. A direct appeal was taken and the Ninth Circuit Court of Appeals affirmed the conviction in an unpublished opinion dated November 17, 1999.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir.

PAGE 2 - OPINION AND ORDER

1998). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

If credibility can be conclusively decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 493 U.S. 869 (1989). Judges may supplement the record with their own recollections of the plea and sentencing hearings and may use common sense. Id.

## DISCUSSION

Defendant claims in grounds one, two, and three of his petition that he did not have appointed counsel during his various juvenile delinquency adjudications under Multnomah County Juvenile Court number 8808-82160. Specifically, defendant takes issue with the three juvenile adjudications for which the PSR assigned two criminal history points each. See PSR ¶¶ 26, 31 and 32. Defendant also raises in ground four an ineffective assistance of counsel claim based on his attorney's failure to present the arguments defendant now raises as grounds one, two, and three.

At the outset, I note that, at sentencing, defendant's counsel argued that defendant should not have received two criminal history points for the menacing offense described at paragraph 26 of the PSR. I agreed and deducted the two criminal history points. Findings of Fact Order, ¶ 3. Thus, all that is at issue are defendant's two juvenile adjudications for Unauthorized Use of Vehicle (PSR ¶ 31) and Assault III (PSR ¶ 32). I acknowledge that, if the criminal history points assigned for these two adjudications were deleted, defendant would be in a criminal history category IV instead of V.

Defendant argues that he was not represented by counsel for these two adjudications. First, I note that his assertion is belied by statements in paragraphs 31 and 32 of the PSR that he was, in fact, represented by counsel – uncontroverted statements that

PAGE 3 - OPINION AND ORDER

I accepted to be true and accurate at the time of sentencing. Findings of Fact Order, ¶ 3. Second, in support of its response to defendant's Section 2255 petition, the government provided a memorandum from the PSR writer, Senior U.S. Probation Officer Tamara Parashos, confirming that defendant was represented for each of the juvenile true findings referenced in the "Juvenile Adjudications" section of the PSR. Specifically, for the offense described in paragraph 31 of the PSR, defendant was represented by attorney Martha Spinhirne. For the offense described in paragraph 32 of the PSR, defendant was represented by attorney Peter Miller. Ms. Parashos represents that she gathered such information from Multnomah County Juvenile Court records.

I accept the representations of Ms. Parashos (a professional with whom I have regular contact) and, accordingly, find that there is no merit to defendant's first three grounds for relief and no need for an evidentiary hearing. Likewise, because defendant's ineffective assistance of counsel claim is dependent on the validity of his first three grounds for relief, that claim is also meritless. I am also intimately familiar with the defendant's representation in this case by Assistant Federal Public Defender Michael R. Levine and am confident that he provided vigorous and effective assistance of counsel.

## CONCLUSION

The motion, under 28 U.S.C. § 2255, to vacate, set aside, or correct sentence (#77) by defendant Charles DeAngelo Jenkins is DENIED.

IT IS SO ORDERED.

DATED this 30 day of May, 2002.

GARR M. KING
United States District Court Judge

PAGE 4 - OPINION AND ORDER